Tyler C. Martel, Pro Se Petitioner
4/29/2026
Complaint RE: 42 USC 1983

Memorandum on Justification of Temporary Restraining Order:

I: Likelihood of Success of Merits

1. The merits of this claim are more than likely to succeed under substantial review. There are plain factual errors, arbitrary findings of fact which are unsupported or intentionally fabricated, and immediate emergency changes manifested directly because of the deprivation of constitutional rights.
2. NH law states that the economic consequences of natural children *may* result in adjustments to the application of child support guidelines, but that a judge *shall* make written findings to the applicability of the economic consequences as it relates to the best interest of the child at hand. There were absolutely no findings according the NH 458-C:5 I(c) in Judge Todd Prevett's order.
3. The findings regarding financial disclosures are arbitrary and fabricated. The petitioner was approved around 02/20/2026 for a government-subsidized, income-restricted apartment. The petitioner would never have been approved if there were undisclosed financial accounts. Any "intentional" underemployment relates directly only to the Petitioner's approval for this apartment.

II: Imminent Homelessness and Destabilization

1. The Petitioner has been paying the same amount of child support for 2 years. A sudden increase of 600% results in immediate, irreparable financial emergency. The Petitioner and his family including two adults and two minors, including one natural minor cared for solely by the petitioner, face imminent, assured eviction and displacement.
2. There is simply no way to repair to impending damages to this family. The status quo has been turned from a reasonable, practical agreement into a devastating transformation of livelihood, which affects the natural minor and the minor at hand equally; there is also collateral damage to the Petitioner's partner and her minor. It took these families years to break out of homelessness.
3. Lack of State remedy: The petitioner filed an emergency stay at the supreme court on 3/2/2026 regarding the failure of statutory mediation; this was declined along with the corresponding petition for original jurisdiction The petitioner filed another stay on 4/16/2026 regarding the impending eviction and arbitrary findings, this has not been objected to or ruled on.

III: Balance of Equities