UNITED STATES COURT - DISTRICT OF NEW HAMPSHIRE
MARTEL v. PREVETT - CASE 1:26-cv-00326-LM-TSM
Tyler Martel – Pro Se Plaintiff

Appendix B REDACTED FORM
Notice of Supplemental Authority and Intervening Matters
5/2/2026

| Document | Page | Note |
|---|---|---|
| Denial of Emergency Stay – NH Supreme Court | 4 | Denied immediately after 4/30/26 civil complaint |
| Ex Parte Motion – Merrimack NH Family Court | 5-6 | Stay denied without prejudice pending 5/13/26 emergency hearing |
| Motion for Family Access | 7 | Relevant page only |
| Motion to Modify Parenting Plan | 8-9 | Submitted immediately after 9/10/25 hearing |
| Initial Parenting Action | 10 | Relevant page only |

**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2026-0264, In the Matter of Tyler Martel and Alicia Kane, the court on May 1, 2026, issued the following order:**

The petitioner's emergency motion to stay enforcement of child support order is denied.

This order is entered by a single justice (Countway, J.). See Rule 21(7).

**Timothy A. Gudas,**
**Clerk**

Distribution:
9th N.H. Circuit Court - Merrimack Family Division, 656-2022-DM-00666
Tyler C. Martel
Matthew R. Passalacqua, Esquire
Attorney General
File

Instructions | Clear Form

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
https://www.courts.nh.gov

RECEIVED
APR 29 2026
9th CIRCUIT - MERRIMACK

Court Name: 9th Circuit - Family Division - Merrimack

Case Name: Tyler Martel v Alicia Kane

Case Number: 656-2022-DM-00666
(if known)

## *EX PARTE* (EMERGENCY) MOTION

Your Name: Tyler Martel

Other Party's Name: Alicia Kane

A. What *ex parte* orders do you want the court to make?

**Immediate stay of enforcement of default order to allow the Petitioner to cure rent.**

**Reduce the monthly child support obligation to the statutory minimum until an evidentiary hearing on the mertis of modification occurs.**

**Appoint a Guardian ad litem to facilitate transfers and communication between the parents.**

B. Describe the reasons that you feel are important supporting your request for *ex parte* orders and describe the immediate and irreparable injury, loss or damage that will happen to you, your child(ren) or your property if the *ex parte* orders are not granted before the other party has an opportunity to be heard on this matter. List each separately.

**Petitioner faces Immediate eviciton: a default order manifests an immediate emergency, the petitioner and his family cannot pay rent and have notified propterty management. An eviction notice is assured.**
**The petitioner and his natural minor have no adequate residence in the state of NH.**
**This household of two adults and two children faces immediate displacement.**
**Arbitrary inconsistency: the Petitioner would never have been approved for this apartment with hidden income or at the imputed level.**
**Police Involvment: The Police were involved and a report of parenting interference was issued.**

C. Notification:

1. What efforts have you made to notify the other parties of your appearance at court today and your request for *ex parte* orders?

**I have notified the other party relentlessly through messages and legal pleadings of forthcoming emergency and immediate changes necessary manifested by an unsustainable default.**



200

**Case Name:** ______________________________

**Case Number:** ______________________________

***EX PARTE* (EMERGENCY) MOTION**

2. What were the results of those efforts?

**The respondent selected to avoid mediation, the respondent selected to continue aggressive litigation, the respondent does not reply or communicate in any substantial manner regarding the minor or parenting issues.**

I certify that on this date I provided a copy of this document to M. Passalacqua ~~(other party) or~~ to ______________ ~~(other party's attorney)~~ by: ☐ Hand-delivery OR ☒ US Mail OR ☐ E-mail (E-mail only by prior agreement of the parties based on Circuit Court Administrative Order).

4/29/2026
Date

Tyler C. Martel
Signature

______________________________
Attorney for Party (if any)

______________________________
Signature of Party Date

______________________________
Printed Name, Address, E-mail, and Phone Number of Attorney

State of New Hampshire, County of Hillsborough

This instrument was acknowledged before me on 4/29/26 by Tyler Martel

My Commission Expires May 15, 2029
Affix Seal, if any

______________________________
Signature of Notarial Officer / Title

Top of 1st Page

| | | | | |
|---|---|---|---|---|
| | | | | |

6. The other parent has substantially and significantly violated the parenting plan by denying or interfering with parenting time, without good reason for doing so. The specific facts that constitute a violation of parenting time from the parenting plan are:

**A default order manifests immediate, emergency changes, including transportation variations. Petitioner arrived on 4/28/2026 at 430pm on a bicycle to receive the minor and travel 1 mile.**

**Respondent's grandmother refused to release the child. The police were contacted, parenting interference was established, and a report was generated which will be filed upon this court upon ~~availability~~.** – Exhibit A

**This is the 3rd substantial motion for access from the Petitioner within 2.5 years.**

**If more space is needed, attach additional pages.**
**☐ I have attached form NHJB-3075-DFP because additional space was needed.**

7. I also request the following additional relief:

☒ A compensatory period of parenting time that represents the amount of parenting time wrongfully withheld:

Hours: 4 Days: ________ Other: ________

☒ Participation by the violator in counseling to educate the violator about the importance of providing the child with a continuing and meaningful relationship with both parents;

☒ Assessment of a fine of up to $500 against the violator payable to myself as the aggrieved party;

☐ Require the violator to post Bond or Security to ensure future compliance with the court's access orders; and

☐ Order the violator to pay the cost of counseling to reestablish the parent-child relationship between myself as the aggrieved party and the child.

☒ Order the violator to pay Attorney's fees and costs of bringing this proceeding to enforce parenting time.



Top of Page

RECEIVED
SEP 12 2025
9th CIRCUIT - MERRIMACK

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: 9th Circuit - Family Division - Merrimack

Case Name: Tyler Martel & Alicia Kane

Case Number: 656-2022-DM-00666
(if known)

**MOTION:** To modify parenting plan

I, Tyler Martel, petitioner
state the following facts and request the following relief:

- A default child support order manifests material changes. Increase in payments and decrease in funds jeopardize the ability of petitioner to care for the minor + natural children, according to the current plan.
- Inequitable conditions manifested by default order in conjunction with parenting agreement.
- Child's preference; the minor frequently requests to extend parenting time or stay overnight

9-12-2025
Date

[signature]
Signature

603-377-6517
Telephone

11 Atwood Ln, Merrimack, NH
Address

I certify that on this date I provided a copy of this document to ____________ (other party) or to Mr. Pasalaqua (other party's attorney) by: ☐ Hand-delivery OR ☒ US Mail OR
☐ E-mail (E-mail only by prior agreement of the parties based on Circuit Court Administrative Order).

9-12-2025
Date

[signature]
Signature

**ORDER**

☐ Motion granted. ☒ Motion denied, without prejudice, considering the default entered against ~~Defendant~~ Petitioner

**Recommended:**

Date

Signature of Marital Master/Referee

Printed Name of Marital Master/Referee

**So Ordered:**
I hereby certify that I have read the recommendation(s) and agree that, to the extent the marital master/judicial referee/hearing officer has made factual findings, she/he has applied the correct legal standard to the facts determined by the marital master/judicial referee/hearing officer.

SEP 30 2025
Date

[signature]
Signature of Judge

Todd H. Prevett
Printed Name of Judge

(1)

NHJB-2201-DFP (08/29/2014) Page 1 of 1

1 7 1

**THE STATE OF NEW HAMPSHIRE**
**JUDICIAL BRANCH**
NH CIRCUIT COURT

RECEIVED
SEP 12 2025
9th CIRCUIT

9th Circuit Merrimack
4 Baboosic Lake Road
Merrimack, NH 03054

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

Case Name: 656-2022 Tyler Hartel + Alicia Kane
Case Number: (If Known) 656-2024-DM-00656

*Additional Information:*

Petitioner asks:

Schedule a hearing to modify parenting plan;

Order Mediation to repeat;

Hear arguments on adjustment of child support guidelines based on income disparity, consequences of natural children, ability to provide and substantially equal care.

9-12-2025
Date

[signature]
Signature

(2)

8. Optional: ☐ I am alleging, under oath, that my or my child/ren's health, safety, or liberty would be jeopardized by the disclosure of identifying information set forth in this Petition. To support my allegation, I state as follows:

9. What part of the court order(s) do you want the court to change? **(Check any that apply)**
The date of the most recent court order (if known): 06/2024

☐ Child Support Only ☐ Child Support and Parenting Plan
☐ Legal Separation to Divorce ☐ Alimony
☒ Parenting Plan ☐ Other

10. ☒ I have tried to resolve the issue(s) raised in this petition with the other party. We are unable to resolve the issue(s) and have sought the help of a neutral third party (such as a mediator or neutral evaluator) to assist us. We are unable to work out the disagreement after seeking third party assistance.
**OR**
☐ I have **not** tried to resolve the issue(s) raised in this petition because:
a. ☐ There is a domestic violence protective order in effect **OR**
b. ☐ Other (State reasons you did not try to resolve issue(s) with other party):

11. What, specifically, do you want the court to order? **(Please attach additional page(s) if necessary.)**

Adjust parenting time with Tyler Martel from 4-6pm to 5-7pm Tuesday and Thursday or a reasonable accomodation of four hours parenting time between Friday 7am and Sunday 7pm.
EXACT OPTIONS: Friday 12pm-4pm, Saturday 11am-3pm, Friday 3pm-7pm, Sunday 8am-12pm.
Current parenting time with Tyler: T, TH 4-6pm, Sat 8-11am.

12. Why should the court change the current orders? **(List each reason separately.)**

1. Around 10/2/22 Tyler accepted a job including a $1 pay increase and promoted responsibilites, in addition to a 40 minute commute.
2. Additionally, Tyler is involved in a whistleblower proceeding. 3. The current parenting schedule relies on Tyler's 9 minute drive.
4. Mr. Martel is able to arrive for parenting time at 430 rather than 4. Alicia Refuses to allow Tyler to see J as of this petition.
5. Alicia refuses to accomodate a reasonable change in schedule, effectively refusing 4 hours of parenting time. 6. Mediation has been historically ineffective and Mr. Martel was awarded only 7 hours per week with his son most recently. 7. Mr. Martel cares for a 12 yo by default; for 12 years. 8. This is entirely undue stress and burden on all parties concerning only four hours of time per week.
9. Mr. Martel acknowledges his choice affects plan directly, the scope of parenting time is so small that it can be easily accomodated.
10. Alicia orally states she wishes to battle for full child support upon receipt of this petition. Mr Martel intends to request a guardian ad litem, and for a judge to form a new parenting plan granting Tyler parenting and residential responsibility from Fri 7am - Sun 7pm.
11. For these reasons, the court should promptly and reasonably adjust the recent court order based on the parties inability to agree.