**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


TYLER C. MARTEL

     v.                                                    Civil No. 26-cv-326-LM-TSM

THE HONORABLE TODD H. PREVETT, ET AL.[1]


**REPORT AND RECOMMENDATION**

Self-represented Plaintiff Tyler C. Martel filed an "Emergency Motion for Temporary Restraining Order" (Doc. Niraleo. 3), which the district judge referred to the undersigned magistrate judge for consideration and a report and recommendation as to disposition.  See Apr. 30, 2026 Order.  For the reasons explained herein, the district judge should deny Mr. Martel's motion.


**BACKGROUND**

In his Complaint (Doc. No. 1), Mr. Martel asserts claims arising out of his involvement in state court proceedings concerning the support of his minor child.  See In the Matter of Tyler Martel and Alicia Kane, Case No. 656-2022-00666 (N.H. Cir. Ct., 9th Cir., Family Div.-Merrimack) ("Family Court Case").  Defendant Judge Todd H. Prevett presided over the Family Court Case.

On March 31, 2026, Judge Prevett issued an Order ("March 31 Order") in the Family Court Case which, among other things, found that Mr. Martel was in default, and increased Mr. Martel's child support obligation.  Doc. No. 1-3 at pgs. 9-13.  Mr. Martel asserts that Judge Prevett, in the March 31 Order, failed to properly consider and apply N.H. Rev. Stat. Ann. § ("RSA") 458-C:5,

---

[1] In addition to Hon. Todd H. Prevett, Plaintiff names "Any Relevant Defendant for the State of New Hampshire" as a Defendant to this action.

concerning adjustments to the application of child support guidelines under special circumstances; and relied on facts not supported by, and/or contradicted by, the record before the Family Court. Doc. No. 1 at pg. 4. Mr. Martel asserts that the order effected an injustice to Mr. Martel, and "manifest[ed] an immediate emergency upon a vulnerable family," in that it the increased financial obligation it imposed upon him would cause him and his family to be evicted from their home. Id. Mr. Martel appealed the March 31 Order to the New Hampshire Supreme Court ("NHSC"). Id. The NHSC has not yet taken any action on that appeal.[2] Id. Mr. Martel asks this court to grant a temporary restraining order ("TRO") or preliminary injunction staying the March 31 Order and directing Defendants, their agents, and the Hillsborough County Sheriff's Department not to execute a writ of possession against him, or to enforce the March 31 Order.

## DISCUSSION

**I.     Temporary Restraining Order and Preliminary Injunction Standard[3]**

To obtain a temporary restraining order ("TRO") or preliminary injunction, the plaintiff "'must establish that he is likely to succeed on the merits,'" of the claims asserted in his Complaint,

---

[2] On May 1, 2026, the NHSC denied Mr. Martel's emergency motion to stay enforcement of child support order. Doc. No. 6-1 at pg. 2.

[3] The court notes that Plaintiff's motion seeking a TRO fails to comply with Federal Rule of Civil Procedure 65(b). That rule requires a party seeking a TRO, to assert specific facts, "in an affidavit or a verified complaint" which "clearly show that immediate and irreparable injury, loss, or damage will result" before the defendants can be heard in opposition to his request," Fed. R. Civ P. 65(b)(1)(A), and to "certif[y] in writing any efforts made to give notice and the reasons why [notice] should not be required" in this matter, id. at 65(b)(1)(B). Plaintiff has not satisfied either of those provisions. "'[T]he requirements of Rule 65(b)(1) are not mere technicalities but establish minimum    due    process. Thus,    [t]o obtain ex parte relief,    a    party must strictly comply with those  requirements.'" Strahan v. O'Reilly, No. 22-cv-52-LM, 2022 U.S. Dist. LEXIS, at *3, 2022 WL 788623, at *1 (D.N.H. Feb. 16, 2022) (citation omitted), R&R adopted, 2022 U.S. Dist. LEXIS 45955, at *1, 2022 WL 788258, at *1 (D.N.H. Mar. 14, 2022). Accordingly, Plaintiff's motion is properly construed as one for preliminary injunctive relief. As discussed herein, the legal standard for the court to apply when considering a request for either a TRO or a preliminary injunction is the same. Accordingly, the undersigned recommends that the district judge deny Mr. Martel's motion whether construed as a motion for a TRO or one for a preliminary injunction.

"'that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 576 U.S. 863, 876 (2015) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)); see also Chavez-DeRemer v. FNN Co., Inc., Case No. 1:26-cv-199-PB-AJ, 2026 U.S. Dist. LEXIS 60057, at *3, 2026 WL 800225, at *1 (D.N.H. Mar. 23, 2026) ("Whether construed as a motion for a TRO or for a preliminary injunction, the same four factors determine whether a court should act to preserve the status quo in advance of a dispositive ruling."). The burden of proof is on the movant. Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

The likelihood of success and irreparable harm are factors that weigh most heavily in the analysis. See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011). Those two factors "are reviewed on a 'sliding scale,' such that a strong showing on one prong can make up for a somewhat weaker showing on the other." Akoju v. Univ. of N.H., Civil No. 26-cv-101-LM-TSM, 2026 U.S. Dist. LEXIS 39365, at *3, 2026 WL 539580, at *2 (D.N.H. Feb. 26, 2026) (citation omitted), appeal filed, No. 26-1210 (1st Cir. Feb. 27, 2026). However, "whether the movant is 'likely to succeed on the merits' is the 'sine qua non' of the test for a preliminary injunction and, therefore, for a TRO." Allscripts Healthcare, LLC v. DR/Decision Res., LLC, 592 F. Supp. 3d 1, 3 (D. Mass. 2022) (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)). Thus, "'if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'" Karlsen v. Town of Hebron, Civil No. 18-cv-794-LM, 2018 U.S. Dist. LEXIS 243323, at *2, 2018 WL 11273651, at *1 (D.N.H. Sept. 28, 2018) (quoting Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam)).

3

**II.     Judicial Immunity**

The doctrine of absolute judicial immunity "bars all claims against judges for acts done 'in the exercise of their judicial functions.'" Suny v. KCP Advisory Group, LLC, 152 F.4th 25, 29 (1st Cir. 2025).   "[W]hen a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). "'Whether an act by a judge constitutes an exercise of their judicial function depends on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam) (quoting Stump v. Sparkman, 435 U.S. 349, 362 (1978) (internal quotation marks omitted)).  "In ruling on child custody matters . . . a New Hampshire Circuit Court judge[] is performing judicial functions in [his] judicial capacity and acting well within [his] court's jurisdiction." Henderson v. Gil, No. 1:22-cv-332-JL, 2023 WL 8283859, at *4–5 (D.N.H. May 22, 2023), R&R adopted, 2023 U.S. Dist. LEXIS 98827, at *1, 2023 WL 3867256 (D.N.H. June 6, 2023).

"The breadth of the protection [of absolute judicial immunity] is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith[.]" Zenon, 924 F.3d at 616.  "[I]mmunity is overcome only in cases where a judge is carrying out a nonjudicial action, or in instances where a judge takes an action, though seemingly 'judicial in nature,' that is 'in the complete absence of all jurisdiction.'" Id. at 617 (quoting Mireles, 502 U.S. at 11-12 (1991) (per curiam)).

In this action, Mr. Martel asserts claims against Judge Prevett based on his issuance and contents of the March 31 Order.  Issuing an order in a case before the Family Court is a judicial function taken squarely within Judge Prevett's jurisdiction.  See RSA 490-D:2 (providing that the family court division of the New Hampshire judicial branch has exclusive jurisdiction over

petitions for child custody and actions concerning the support or custody of children of unwed parties). Accordingly, Judge Prevett is entitled to absolute judicial immunity from Mr. Martel's suit, and this suit is subject to dismissal on that basis. For that reason, Mr. Martel is unlikely to succeed on the merits of his lawsuit, and the district judge should deny his request for preliminary injunctive relief on that basis.

### III.    Younger Abstention

To the extent Mr. Martel seeks other forms of equitable relief in his motion, including a request that this court: vacate the March 31 Order, enjoin the enforcement of that Order, and enjoin the execution of a writ of possession against him, his requests are unavailing. See Doc. Nos. 3 and 3-1. Under Younger v. Harris, 401 U.S. 37 (1971), federal courts must abstain from enjoining certain types of proceedings in state court, absent extraordinary circumstances. Younger abstention applies in three types of state proceedings: ongoing "(i) criminal prosecutions, (ii) 'civil proceedings that are akin to criminal prosecutions,' and (iii) proceedings 'that implicate a State's interest in enforcing the orders and judgments of its courts.'" Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015). (quoting Sprint Commc'ns., Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013)). "Abstention is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007). When Younger applies, abstention is mandatory, and the federal court is deprived of any discretion to grant injunctive relief. See Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976).

The Younger abstention doctrine squarely applies to Mr. Martel's Family Court Case. See Sobel v. Prudenti, 25 F. Supp. 3d 340, 355 (E.D.N.Y. 2014) (court abstained under Younger in case where parent claimed that rulings in state child support case violated rights to due process);

Rogers v. N.H. Cir. Ct., No. 16-cv-107-JL, 2016 WL 3919414, at *2, 2016 U.S. Dist. LEXIS 93961, at *4-7 (D.N.H. Jun. 3, 2016) (court abstained under Younger where parent claimed violations of due process rights in New Hampshire family court proceedings), R&R adopted, 2016 WL 3920169, 2016 U.S. Dist. LEXIS 93957 (D.N.H. July 18, 2016).

The few extraordinary circumstances involving such cases where abstention is not required include state prosecutions brought in bad faith for purposes of harassment, cases in which the state forum provides inadequate protection of federal rights, and cases where the statute at issue is "'flagrantly and patently violative of express constitutional prohibitions.'" Sirva Relocation, 794 F.3d at 192 (citations omitted). Nothing in the record here suggests any bad faith or harassment, or inadequacy of the state forums (including the New Hampshire Supreme Court) for assertion of Mr. Martel's federal claims, or any other extraordinary circumstances here, which could exempt his requests for equitable relief from abstention under Younger. See generally Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern," and court in that case was "unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation."). Plaintiff here has an adequate opportunity in the Family Court to raise his federal claims, and he can seek (and has sought) further review of adverse orders in the NHSC. See Rogers, 2016 WL 3919414, at *2, 2016 U.S. Dist. LEXIS 93961, at *7 ("family court has inherent power to control its proceedings and to issue orders for the purpose of ensuring that all parties have a full and fair opportunity to advance claims and defenses" (citation omitted)).

Mr. Martel states that the NHSC denied him relief in the Family Court Case on two prior occasions. Mr. Martel does not believe that the NHSC will grant him relief in his pending appeal before that court either, but that belief is not evidence that the New Hampshire courts, including the NHSC, are inadequate to protect his rights or are somehow unavailable to him.

The fact that state . . . courts may reject (or have rejected) arguments on the merits . . . does not mean those courts have deprived a plaintiff of the opportunity to make the argument. And, it is only where, for procedural or other reasons, the state courts deprive the plaintiff of such an opportunity that Younger does not apply. A party . . . may appeal its claim through the state system, eventually asking the United States Supreme Court to review the federal question that it believes the state erroneously decided; or, such a party, seeking a federal forum, may file its federal action before the state proceeding begins. But, that party, already engaged in a state proceeding, cannot ordinarily obtain a hearing in federal court on its federal claim simply because it believes the state will reject the claim on the merits.

Duty Free Shop, Inc. v. Admin. de Terrenos de P.R., 889 F.2d 1181, 1183 (1st Cir. 1989) (citations omitted and emphasis in original). Mr. Martel failed to make the necessary showing of extraordinary circumstances that could allow this court to retain jurisdiction over his injunctive and declaratory relief claims at issue, rendering those claims the proper subject of Younger abstention. The district judge, therefore, should deny Mr. Martel's motion for injunctive relief because, to the extent his claims may survive judicial immunity, this court should abstain from deciding them under Younger, and instead, dismiss those claims.

## CONCLUSION

For the foregoing reasons, the district judge should deny Mr. Martel's motion for preliminary injunctive relief (Doc. No. 3). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

May 4, 2026

cc:   Tyler C. Martel, pro se

7