UNITED STATES COURT - DISTRICT OF NEW HAMPSHIRE
MARTEL v. PREVETT - CASE 1:26-cv-00326-LM-TSM
Tyler Martel – Pro Se Plaintiff – Objection to Document #7

05/04/2026

Plaintiff’s Objection to Report and Recommendation on TRO (document #7):

I: Judicial Immunity

A. Judicial immunity is excepted by the 1996 amendment to 42 U.S.C. Section 1983 ", except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable". Declaratory relief is, effectively, unavailable; the Petitioner’s appeal will be declined or accepted around May 14th.

B. Magistrate cites (Zenon Vs. Guzman 2019). In that case, declaratory relief was denied per judicial immunity. Zenon did not seek adequate alternative remedies, nor did they do so in a timely manner; Zenon was seeking retrospective relief for and Order that had relatively miniscule material effect. The instant case involves an ongoing deprivation of rights, an impossible, ongoing legal circle, and prospective, emergency family conditions that cannot be reversed with money.

II: Ex Parte Young

A. Pertinently, the primary holding of 209 U.S. 123 (1908): “If government officials attempt to enforce an unconstitutional law, sovereign immunity does not prevent people whom the law harms from suing those officials in their individual capacity for injunctive relief. This is because they are not acting on behalf of the state in this situation.” The complainants alleged that the Orders and Acts of the state were so enormous that they deprived the complainants of their 14th amendment rights.

B. Judge Prevett’s Order is a State Action so enormous and illegitimate that they literally require the intervention of the District Court. “Whether a state statute is unconstitutional because the penalties for its violation are so enormous that persons affected thereby are prevented from resorting to the courts for the purpose of determining the validity of the statute, and are thereby denied the equal protection of the law, and their property rendered liable to be taken without due process of law, is a Federal question and gives the Circuit Court jurisdiction.” 209 U.S. 123 (1908).

C. Judge Prevett's Order delivers the Plaintiff into a state of fear of incredible, relentless penalty and default for merely advocating for his natural child and access to the instant child via legal process. Likely, there are others in the Public affected by similar egregious violations who simply lack the facilities to escalate them because of the very Orders. Judge Prevett has rendered his Orders void by violating due process.

D. Under these circumstances, Judge Prevett is using his name to enforce Orders without the Authority of the State, which in contrast to the Report and Recommendation, exposes him directly to suit in the Federal District Court.

III: Standard of Review

A. Plaintiff respectfully asserts plain errors which ultimately reveal not a single violation of Due Process and Equal Protection, but a script; these are severe allegations which demand substantial Federal contemplation.

III: Conclusion:

A. For the reasons stated in this Objection, the Magistrate Judge's Report and Recommendation contains errors of law regarding Judicial Immunity and Younger abstention. Plaintiff Respectfully Requests that the Court REJECT the Report and Recommendation, DECLINE to dismiss the claims for Declaratory Relief, and GRANT the requested Relief to prevent ongoing irreparable constitutional harm.

Certificate of service:

I certify that the facts and statements within this "Objection to Report and Recommendation on TRO (document #7)" are true under Penalty of Perjury.

I certify that I have delivered this Filing via Electronic Service, In Hand, or Via US Mail to M. Passalacqua, 98 Spit Brook Rd, Nashua NH; and Office of NH Attorney General, 1 Granite Place South, Concord NH 03301.

Signed: Tyler Martel SIGNED ELECTRONICALLY Date: 05/04/2026